UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARP NON-PROFIT CORPORATION<br>601 E St., N.W.<br>Washington, D.C. 20049<br><br>            Plaintiff,<br><br>     v.<br><br>DAVID ALTER<br>2701 Meadow Pl., Suite 200<br>Hopkins, MN 55305-1643<br><br>     and<br><br>HENRY EMMONS<br>2125 Taylor Ct.<br>Northfield, MN 55057-3503<br><br>            Defendants. | Case No 1:16-cv-46 |

## COMPLAINT

Plaintiff AARP Non-Profit Corporation ("Plaintiff") brings this action against Defendants David Alter and Henry Emmons (collectively, "Defendants"), and alleges as follows:

### THE PARTIES

1.   Plaintiff AARP Non-Profit Corporation is a Washington, D.C. nonprofit corporation with its principal place of business in Washington, D.C.  For over ten years, Plaintiff has used the mark STAYING SHARP for publications and related goods and services in the field of brain health.  Plaintiff owns an incontestable federal registration for the mark STAYING SHARP.

2.   Defendant David Alter resides in Hopkins, Minnesota.  Defendant Alter is a co-author of a book titled "Staying Sharp: 9 Keys for a Youthful Brain through Modern Science and

Ageless Wisdom." Defendant Alter registered the domain name **stayingsharp.org**, and is advertising and offering services designed to improve brain health from that web site, including the provision of information and workshops and classes under the mark STAYING SHARP.

3. Defendant Henry Emmons resides in Northfield, Minnesota. Defendant Emmons is a co-author of the book titled "Staying Sharp: 9 Keys for a Youthful Brain through Modern Science and Ageless Wisdom." Defendant Emmons is advertising and offering services designed to improve brain health at **stayingsharp.org**, including the provision of information and workshops and classes under the mark STAYING SHARP.

**JURISDICTION AND VENUE**

4. Plaintiff asserts claims for trademark infringement, false designation of origin and unfair competition arising under federal and state law. The Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331 and § 1338(a). The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendants because Defendants sell their book titled "Staying Sharp" and offer and render services to improve brain health under the mark STAYING SHARP to consumers in Washington, D.C. Defendants' conduct injures Plaintiff in Washington, D.C.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Washington, D.C.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS**

**I.     Plaintiff and its STAYING SHARP Mark**

7. With over 37 million members, Plaintiff is dedicated to the support and advancement of older adults. Plaintiff provides older adults with informational and educational

information through printed material, online publications and other resources, and in-person seminars and public forums.

8. For over ten years, Plaintiff has used the mark STAYING SHARP for publications, internet resources, educational booklets and public forums about brain health and maintaining brain health.

9. Plaintiff has invested substantial resources in advertising and offering brain health-related goods and services under the mark STAYING SHARP.

10. Plaintiff's members receive access to publications information and educational materials bearing Plaintiff's mark STAYING SHARP.

11. Plaintiff owns a federal registration for STAYING SHARP (Registration No. 3,528,559) for "[p]roviding on-line publications in the nature of newsletters and brochures in the field of mature persons, retirement, mature or retired lifestyles and brain functions." Plaintiff's registration is "incontestable" under the Lanham Act and "conclusive evidence" of Plaintiff's "exclusive right" to use the STAYING SHARP for on-line publications in the nature of newsletters and brochures in the fields of, among other things, brain function. 15 U.S.C. §§ 1065, 1115(b). Plaintiff also owns common law (unregistered) rights in the mark STAYING SHARP for printed publications, in-person seminars, and hosting public forums.

12. Plaintiff's mark STAYING SHARP has acquired significant goodwill. The public associates Plaintiff's mark STAYING SHARP exclusively with online and print publications and educational and informational goods and services offered by Plaintiff related to brain health, and have done so for years.

**II.     Defendants and Their STAYING SHARP Mark**

13.     In the Fall of 2015, Defendants published a book titled "Staying Sharp: 9 Keys for a Youthful Brain through Modern Science and Ageless Wisdom."

14.     Defendant Alter registered the domain name **stayingsharp.org**.

15.     Defendants are using the mark STAYING SHARP to advertise and offer information and in-person programs and workshops related to brain health.

16.     Defendants are advertising and providing services under the mark STAYING SHARP at **stayingsharp.org**, at their Facebook page (www.facebook.com/StayingSharpCommunity), Twitter page (@staying_sharp), Pinterest (https://www.pinterest.com/stayingsharp), and at in-person programs and workshops, including in Washington, D.C.

17.     Defendants' STAYING SHARP mark is identical to Plaintiff's STAYING SHARP mark.

18.     Plaintiff and Defendants offer substantially similar services under the mark STAYING SHARP in the same channels of trade.  Both parties offer on-line, in-person, and written materials about brain health under the mark STAYING SHARP.  Both parties target older adults with their STAYING SHARP-branded goods and services and advertise on-line.

19.     Defendants had constructive knowledge of Plaintiff's mark STAYING SHARP prior to adopting the STAYING SHARP mark due to Plaintiff's registration (which issued in 2008) on the Principal Register of the federal Trademark Register.

20.     Consumers and others in the trade are likely to believe that Defendants' services under the STAYING SHARP mark are put out, licensed or approved by or affiliated or connected with Plaintiff.

## COUNT I

**Trademark Infringement, False Designation of Origin and Unfair Competition under the Federal Lanham Act (15 U.S.C. §§ 1114 and 1125)**

21. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

22. Plaintiff owns federally registered and common law marks for STAYING SHARP for publications and educational and other informational goods and services related to brain health.

23. Defendants' use of the mark STAYING SHARP, including in the domain name **stayingsharp.org**, for their goods and services is likely to cause confusion, deception and mistake that Defendants or Defendants' goods and services are licensed or approved by or affiliated, associated or connected with Plaintiff or Plaintiff's mark STAYING SHARP.  15 U.S.C. §§ 1114(1), 1125(a).

24. Defendants' use of the mark STAYING SHARP, including in the domain name **stayingsharp.org**, is irreparably injuring Plaintiff and unless enjoined will continue to do so.

## COUNT II

**Trademark Infringement, False Designation of Origin and Unfair Competition under District of Columbia Law**

25. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

26. Plaintiff owns a federally registered and common law mark for STAYING SHARP for publications and educational and informational goods and services related to brain health.

27. Defendants' use of STAYING SHARP, including in the domain name **stayingsharp.org**, is likely to cause confusion, deception and mistake that Defendants and

Defendants' goods and services are approved or licensed by or affiliated, associated or connected with Plaintiff or Plaintiff's STAYING SHARP-branded goods and services.

28.     Defendants' use of the mark STAYING SHARP, including in the domain name **stayingsharp.org**, is irreparably injuring Plaintiff and unless enjoined will continue to do so.

## REQUEST FOR RELIEF

Plaintiff requests that the Court grant the following relief:

A preliminary and permanent injunction:

a.      enjoining Defendants and all those in concert or participation therewith or having knowledge of this action, from using the mark STAYING SHARP or any other mark that infringes or unfairly competes with Plaintiff's mark STAYING SHARP;

b.      ordering Defendants to transfer the domain name **stayingsharp.org**, as well as all STAYING SHARP-related Facebook, Twitter, and Pinterest names and handles to Plaintiff, and for Defendants to refrain from using or registering any similar domain names, social media names, or handles for their goods or services;

c.      ordering Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which they have complied with the Court's injunction; and

d.      any other and further relief as the Court deems just and necessary.

Dated: January 11, 2016

Respectfully submitted,

/s/ Katie Bukrinsky
John J. Dabney (Bar. No. 480509)
Katie Bukrinsky (Bar. No. 993358)
McDERMOTT WILL & EMERY LLP
500 North Capitol St. NW
Washington, DC  20001
Telephone:  202.756.8343
Facsimile:   202.756.8087
Email: jdabney@mwe.com
           kbukrinsky@mwe.com

*Attorneys for Plaintiff AARP*